RULEY, JUDGE:
These claims were consolidated for hearing because they arise out of the same facts. The claimant, through its subcontractor, Charleston Construction Co., performed paving work on Project 1-79-1(36)2 between Mink Shoals Run and Cooper’s Creek Interchange on Interstate 79. The claim arises out of the reduction in payments for concrete pavement. The contract required the pavement to be nine inches thick, but allowed for a 7/10-inch variation. Therefore, pavement 8.3 inches thick was acceptable. The respondent, through statistical analysis, concluded that a certain amount of the pavement was less than 8.3 inches thick and reduced the contract payments by $12,930.32 and $1,911.88, respectively, the amounts of the two claims.
Subarticle 501.3.19 of the Standard Specifications Roads and Bridges states:
“It is the intent of these Specifications that the pavement shall be constructed in substantial conformity with the specified thickness. Paving operations shall be directed toward obtaining an average and uniform thickness equal to or greater than the specified thickness.
For the purpose of establishing an adjusted unit price for pavement areas deficient in thickness, the thickness characteristics will be determined in accordance with the criteria specified hereinafter.”
Subarticle 501.3.19.1 states:
“The pavement thickness characteristics shall be de *468 termined from an analysis of measurements made on cores, said cores being taken with a frequency of one core from each sampling unit as hereinafter defined.”
Seventy-four cores were taken from the reinforced sections of pavement. The average thickness of the cores was 9.362 inches. Eight cores were less than 9 inches thick, but all were greater than 8.3 inches. The other 66 cores were nine inches or greater.
Twenty-seven cores were taken for the non-reinforced sections of pavement. The average thickness of those cores was 9.489 inches. Five cores were less than 9 inches, but all were greater than 8.3 inches. The remainder were all 9 inches or greater. The thicker cores resulted from the contractor’s filling low areas of sub-grade with concrete. This procedure is allowed under Subarticle 501.3.4.3.
The pertinent regulations concerning payment are as follows:
“501.5.2: When the pavement is deficient in thickness, payment will be made at an adjusted price for the entire item based on the criteria specified hereinafter.
501.5.2.1: No payment will be made for pavement areas deficient in thickness by more than 7/10 inch.
501.5.2.2: If the mean value of the pavement thickness is equal to or greater than the specified thickness, then the contract unit price will be paid for the fraction of pavement having a thickness equal to or greater than the specified thickness minus 7/10 inch.”
These regulations provide for a reduction in price only when the pavement thickness is below a specified amount, not above. The analysis performed by the respondent was based on the assumption that there would be as many thin cores as thick, and that, therefore, some areas would be less than 8.3 inches thick. The evidence presented did not bear out this assumption; in no instance was there a core sample of *469 less than 8.3 inches. The Court, therefore, makes an award in the amounts requested for each claim.
Award of $12,930.32 in Claim No. CC-81-425.
Award of $1,911.88 in Claim No. CC-82-92.